**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUANG YIQIAO, | No. 23-55689 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-06413-MWF-RAO |
| v. | |
| FANG ZENG, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| CALIFORNIA INVESTMENT MIGRATION FUND, LLC, a California limited liability company; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted July 9, 2024**
Pasadena, California

Before:  GRABER, N.R. SMITH, and NGUYEN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fang Zeng appeals the district court's denial of her motion to set aside the court's entry of default and default judgment under Federal Rule of Civil Procedure 60(b)(4). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

A district court's ruling on a Rule 60(b)(4) motion is reviewed de novo, *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995), and factual findings regarding jurisdiction are reviewed for clear error, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

To set aside a default judgment under Rule 60(b)(4), the moving party must show that the judgment is void. "[A] judgment entered without personal jurisdiction over the parties is void." *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1255 (9th Cir. 1980).

1. Huang Yiqiao's service by publication was proper. Federal Rule of Civil Procedure 4(e)(1) permits service "following state law for serving a summons in an action brought" in federal court in that state. In California, a "summons may be served by publication if upon affidavit it appears . . . that the party to be served cannot with reasonable diligence be served in another manner specified in this article." Cal. Civ. Proc. Code 415.50(a). Reasonable diligence means "a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137 (1996) (citations omitted).

The search here was reasonably diligent. Huang hired an investigator who searched "real and personal property ind[ices] . . . near the defendant's last known location." *Id*. The investigator searched business filings, court case databases, and social media sites. The investigator also travelled to various addresses associated with defendants, and inquired with the current tenants of an El Monte, California address previously used to serve defendants, as well as a security guard at an Arcadia, California address associated with Zeng. *See id*. (inquiry of acquaintances is an appropriate method to learn of defendants' whereabouts). Huang was not required to search for Zeng in China simply because Zeng is a Chinese national. *Cf. id*. at 1138 (finding a judgment void where plaintiff knew defendant resided in Canada but made no efforts to locate defendant there); *see also Wang v. Zeng*, No. 22-56141, 2023 WL 8542627, at *1 (9th Cir. Dec. 11, 2023) (unpublished) ("[S]ervice [by publication] is improper when a plaintiff *knows* that the defendant resides in another country."), *petition for cert. filed sub nom.*, *Zeng v. Chen*, No. 23-1347 (U.S. June 24, 2024).

2. The Hague Service Convention did not apply here, because it does "not apply where the address of the person to be served with the document is not known." *Buchanan v. Soto*, 241 Cal. App. 4th 1353, 1366 (2015) (quoting Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638). The record does

3

not show that Huang knew that Zeng resided in China at the time of service, much less that she knew Zeng's address there.

Because service was proper, the district court judgment is not void for lack of personal jurisdiction.

**AFFIRMED**.